**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**AIDRUS ISMAEL SHARIF**
**d/b/a HAYAT FOOD MART, II**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 4:16-CV-67- JMV**

**UNITED STATES OF AMERICA**                                    **DEFENDANT**

## ORDER

      The United States of America seeks an order allowing the Food and Nutrition Service's administrative appeal record to be sealed. [15] Motion to Seal. The United States asserts that the administrative appeal record will be filed as Government's Exhibit A to the United States' forthcoming motion for summary judgment. The court has been informed that counsel for Plaintiff has no objection to sealing of the administrative appeal record.

      Local Rule 79(b) specifies that "any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U. Civ. R. 79(b). To determine whether to allow the sealing of a requested document, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). Upon weighing the competing interests, the undersigned finds that the United States has provided clear and compelling reasons for filing the administrative appeal record under seal.

      The administrative appeal record contains personal, confidential and proprietary information of both Hayat Food Mart, II and the Food and Nutrition Service. The Privacy Act generally prohibits a federal agency from disclosing records regarding an Individual without that

person's consent. 5 U.S.C. 552a(b). Under the Privacy Act, an agency maintaining a "system of records" must "maintain all records which are used by the agency in making any determination about any individual." 5 U.S.C. 552a(e)(5). Also, 7 CFR 1.119 provides that "[n]o agency shall disclose any record which is contained in a system of records it maintains, by any means of communication to any person, or to another agency outside USDA, except pursuant to written request by, or with the prior written consent of, the individual to whom the record pertains…"

Counsel for the government alleges that the administrative record contains Mr. Sharif's social security number, business information of Hayat Food Mart, II, and a multitude of proprietary information of USDA. USDA is sensitive to the public disclosure of administrative records because, theoretically, the program in place used to flag "suspicious" SNAP transactions would be on display and potentially abused.

Having reviewed the motion, as well as the docket, **IT IS THEREFORE ORDERED** that the government's motion is **GRANTED** pursuant to L.U. Civ. R. 79.  It is further ordered that the administrative appeal record shall be filed and remain under seal until further order of this Court.

SO ORDERED, this, the 20th day of October, 2016.


____/s/ Jane M. Virden_____
UNITED STATES MAGISTRATE JUDGE